**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LAWANNA COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-01099** |
| | ) | **Judge Aleta A. Trauger** |
| **METROPOLITAN GOVERNMENT OF** | ) | |
| **NASHVILLE AND DAVIDSON** | ) | |
| **COUNTY POLICE DEPARTMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

Before the court is plaintiff Lawanna Coleman's Motion to Amend Case Management Order and for Leave to Propound Further Written Discovery ("Motion to Amend"). (Doc. No. 19.) Defendant Metropolitan Government of Nashville ("Metro") objects to the motion. (Doc. No. 24.)

## I.     Factual and Procedural Background

The plaintiff, through counsel, filed this lawsuit on July 31, 2017, asserting discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Tennessee Human Rights Act. On November 27, 2017, she filed an Amended Complaint incorporating additional factual allegations. (Doc. No. 12.) The plaintiff is employed by Metro as an Administrative Specialist in Human Resources with the Metro Nashville Police Department ("MNPD") (Doc. No. 12 ¶ 8), and her claims arise from that employment.

The court entered an Initial Case Management Order ("ICMO") on October 25, 2017.

(Doc. No. 10.) As relevant here, the ICMO provided that the parties were to serve all written discovery in time for responses to be due and submitted no later than March 16, 2018 and to complete depositions of fact witnesses by July 13, 2018. (Doc. No. 10, at 3 ¶ F.) The ICMO also provided that dispositive motions would be filed no later than September 14, 2018. (*Id.* at 4 ¶ K.) A separate Order set the case for a jury trial to begin on Tuesday, January 29, 2019. (Doc. No. 11.)

On February 26, 2018, plaintiff's counsel, apparently after serving written discovery on the defendant in accordance with the timing specified by the ICMO, filed a motion to withdraw, which the court granted. (Doc. Nos. 14, 15.) New counsel entered an appearance on March 28, 2018. (Doc. No. 17.)

On June 7, 2018, the parties filed a Joint Motion to Amend the Initial Case Management Order and to Continue Trial Setting, seeking to extend the deadline for deposing fact witnesses to October 15, 2018 and to extend the dispositive motion deadline and trial date commensurately. (Doc. No. 18.) After a telephone conference with the parties, the court granted the motion, extended the dispositive motion deadline to December 17, 2018, and set a new trial date of April 30, 2019. (Doc. Nos. 22, 23.)

Also on June 7, the plaintiff filed separately the Motion to Amend that is now before the court. (Doc. No. 19.) In this motion, the plaintiff, through new counsel, represents that, after being retained on March 28, 2018, counsel set about familiarizing himself with the case and the status of discovery. He discovered that the defendant had responded to discovery propounded by former counsel after former counsel's withdrawal but before the retention of a new attorney. He also discovered that the defendant had only responded to 21 of the plaintiff's 26 separately numbered interrogatories, based on the defendant's calculation that, counting subparts, that

number already exceeded the "40 interrogatories, including subparts," permitted by the ICMO. (*See* Doc. No. 10, at 3 ¶ F.)

According to the plaintiff, counsel also discovered that the defendant's answers to the interrogatories consisted largely of non-responsive boilerplate. (*See* Doc. No. 19-1 (original discovery requests and responses).) Counsel believed that, rather than going back and forth with the defendant in an effort to clean up the responses and move past the boilerplate, which would lead to "potentially messy motion work," the most efficient way to proceed would be to "start[] over with cleanly worded discovery, including 40 new interrogatories." (Doc. No. 19, at 2.) The defendant rejected that suggestion, indicating that it would answer no further discovery unless the court allowed the plaintiff to propound it. Plaintiff's counsel's attempts to reach an agreement regarding additional written discovery, including by whittling down his proposed new discovery to twelve interrogatories[1] and nine document requests, were also rebuffed. The proposed second set of written discovery was first sent to the defendant, at its request, on May 10, 2018. The parties conferred in good faith in an attempt to resolve their dispute, but the defendant has steadfastly refused to answer further discovery unless the court grants the plaintiff leave to serve it, resulting in the filing of the Motion to Amend.

The plaintiff argues now that requiring the defendant to respond to a limited set of additional discovery will be less burdensome on the parties and the court than litigating the unresponsive answers to the first set of written discovery and that the defendant will not be overly burdened by responding to the new discovery in light of the work already put into the case. He specifically requests that the ICMO be modified to extend the deadline for serving

---

[1] The plaintiff asserts that he seeks to propound eleven new interrogatories, but the proposed Second Set of Interrogatories includes twelve questions, including two numbered "8." (*See* Doc. No. 19-4.)

written discovery, that the limitation on the number of interrogatories be expanded to permit him to propound the proposed interrogatories and requests for production of documents, and that the defendant be required to respond.

The defendant objects to reopening written discovery. It points out that, after the withdrawal of the plaintiff's former counsel, the plaintiff herself did not attempt to withdraw the discovery requests and, in fact, emailed Metro on March 14, 2018, demanding responses to her discovery. (*See* Doc. No. 24-2.) Metro states that it answered 46 interrogatories, including subparts, and produced over 3000 pages of documents. (Doc. No. 24-3.) Metro insists that, under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling deadline "may be modified only for good cause shown" and that plaintiff has not shown good cause. More specifically, Metro argues that (1) the plaintiff has not been diligent in pursuing discovery; (2) she will not be prejudiced by being required to abide by the original discovery deadline, as she still has "ample time to pursue discovery information through depositions and other non-written discovery requests" (Doc. No. 24, at 3); and (3) Metro will be prejudiced by having to respond to the new discovery, even if just by being required to expend the time and expense of responding to additional discovery, "even though the fault is entirely on Plaintiff for issuing what she now claims to be subpar discovery." (*Id.* at 4.)

Metro also objects on the basis that the proposed additional discovery is "prohibitively broad," insofar as it seeks information related not only to actions by the MNDP but to actions by every Metro department, plus information apparently unrelated to issues mentioned in her Amended Complaint.

## II.    Standard of Review

A district court enjoys broad discretion in managing discovery. *Lavado v. Keohane*, 992

F.2d 601, 604 (6th Cir.1993) (internal citations omitted). "An abuse of discretion occurs when the reviewing court is left with the definite and firm conviction that the trial court committed a clear error of judgment." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014); *see also B & H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir. 2008) (noting that a district court's discovery ruling will be reversed "only if the decision was an abuse of discretion resulting in substantial prejudice").

### III.    Analysis

As the defendant notes, a discovery scheduling order generally may be modified only for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The court finds that withdrawal of plaintiff's former counsel, the engagement of new counsel, and the extension of the deadlines for conducting depositions and filing dispositive motions, along with the continuance of the trial date, qualify as sufficient "good cause" to justify modifying the written discovery deadline and limitations. The court also finds that the plaintiff has not been dilatory in requesting to expand the scope of discovery and that the proposed additional written discovery will not be obtainable simply through depositions.

In addition, although the defendant argues that it will be prejudiced by the expansion of the scope of discovery, the court finds that a substantial amount of effort might have been saved if the defendant had, at the very least, attempted to reach a compromise with plaintiff's counsel regarding his request for additional discovery, first submitted as early as March 28, 2018, the same day counsel entered an appearance and less than two weeks after Metro served its responses to the plaintiff's initial round of written discovery. (*See* March 28, 2018 Letter from Pl.'s counsel to Def's counsel, Doc. No. 19-2.)

The court nonetheless finds somewhat persuasive the defendant's argument that the scope

of the plaintiff's requests is overly broad. For instance, although the plaintiff is employed by the MNPD, an agency that is a unit or division of Metro,[2] Interrogatories 1 through 4 of the proposed Second Set of Interrogatories ask the defendant to identify "all metro employees" or, alternatively, "all non-police, metro employees" who (1) have been disciplined for accessing employment files of other employees without authorization; (2) have been disciplined for refusing to sign their employment evaluation; (3) have made complaints of harassment or discrimination against the plaintiff; and (4) who work day shifts in a metro office and are required to email their supervisor confirming their arrival and exit daily. (*See* Doc. No. 19-4.) Because the plaintiff was employed within a specific agency of the metropolitan government and must, in the Title VII context, compare herself to similarly situated employees, the court finds it reasonable to limit the scope of her discovery to all employees of the MNPD.

The defendant also objects to interrogatories asking about Sue Bibb's involvement in the hiring and promotion of employees, on the basis that Bibb "sits on hiring panels for other departments" outside the MNPD. (Doc. No. 24, at 4.) However, because the plaintiff alleges that Sue Bibb is in the plaintiff's direct line of supervision and has personally engaged in discriminatory acts, the court will permit the plaintiff to inquire about Sue Bibb's conduct while employed by Metro, whether within the MNDP or not.

Regarding the proposed Second Set of Requests for Production of Documents, the first request is overly broad insofar as it requests all documents "reviewed" in responding to the

---

[2] The court notes that, although the plaintiff identifies the defendant as the "Metropolitan Government of Nashville and Davidson County Police Department," the court construes the Complaint as asserting claims against Metro itself, rather than the MNPD. Likewise, the parties apparently understand that the actual defendant is Metro. The MNPD, as an agency or division of Metro, is not a suable entity itself. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." (collecting cases)).

plaintiff's Second Set of Interrogatories, regardless of whether they are actually relevant or were relied upon.

The court also notes that the plaintiff supplies temporal limitations of five or ten years to some of her proposed discovery, but no limitations at all to others. The absence of any limitation is unreasonable. Accordingly, the court will limit the scope of all interrogatories and requests for production of documents for which no date limitation is supplied to information generated and documents drafted within the period beginning five years prior to the date the original Complaint was filed.

**IV.    Conclusion and Order**

For the reasons set forth herein, the plaintiff's Motion to Amend (Doc. No. 19) is **GRANTED IN PART**. Section F of the ICMO is **AMENDED** to permit the plaintiff to serve the proposed Second Set of Interrogatories and Second Set of Requests for Production of Documents attached as exhibits to the Motion to Amend.

The defendant is **DIRECTED** to respond to the discovery as propounded within **30 DAYS** of the date this Order is entered, *except* that the defendant's obligation to respond is limited as indicated above. Specifically:

(1) the defendant shall be required to provide answers to Interrogatories 1 through 4 regarding only MNPD employees, rather than all Metro employees;

(2) in responding to the first document request set forth in the Second Set of Requests for Production of Documents, the defendant will not be required to provide all documents "reviewed" in responding to the Second Set of Interrogatories; and

(3) the scope of all interrogatories and requests for production of documents for which no date limitation is supplied is limited to information generated and documents drafted within the period beginning five years prior to the date the original Complaint was filed.

In addition, should the defendant wish to serve upon the plaintiff a second set of (non-

duplicative) discovery requests, it may do so within **14 DAYS** of the date this Order is entered, with plaintiff's responses due **30 DAYS** after service thereof. The defendant shall serve no more than 25 additional interrogatories, including subparts.

Both parties shall endeavor to avoid evasive, boilerplate responses to discovery requests.

It is so **ORDERED**.

ENTER this 3rd day of August 2018.

ALETA A. TRAUGER
United States District Judge